which rests upon the admission that his suit is a case arising under a law of the United States." The act referred to is that of the 30th April, 1810, which authorizes the postmaster general to bring suit.

The case of Gwin v. Breedlove, 2 How. [43 U. S.] 29, was a writ of error to revise the proceedings of the circuit court of the United States, in the state of Mississippi, against Gwin, as marshal of that state, under a statute of the state authorizing a procedure against sheriffs and their sureties, which had been adopted by the circuit court. The court sustained the summary proceedings, as incidental to the suit of Breedlove v. Gwin, in which a judgment had been rendered. But the point did not come up in that case, whether a suit on the bond could have been sustained as an independent action by parties living within the state in which suit was brought.

In a dissenting opinion, Mr. Justice Daniel said that the marshal would also be liable upon his official bond, because the judiciary act confers a right of action thereon without restriction as to citizenship, on all persons who may be injured by a breach of the condition of that bond. But he remarks, if a further or different recourse is sought against the marshal, one which may be supposed to arise either from the inherent power of the court over its officer or its judgments, then it is presumed that those who seek such recourse must show their right as arising out of the character to sue in the federal courts; they must show themselves by regular averment to be citizens of a state other than that of him whom they seek to implead.

So far as regards any procedure against the marshal as an officer of the court, for a failure in the performance of his duty, whether under a rule of court or by attachment, there can be no doubt of the power of the court. But the proceeding under examination is by an action on the marshal's bond, with the view of making his sureties responsible. This action is founded, not on any default of the marshal, under process issued by this court, but by a proceeding in admiralty in the district court. It does not then arise as an incident to any action in this court. It is an independent action in this court between citizens of the same state.

The argument ab inconvenienti is a strong one, but on such ground the jurisdiction of this court has never been exercised. It has often been held that the consent of parties cannot confer it, as it is a matter of law. The sureties who are sought to be made liable are strangers to the proceedings in admiralty, out of which this case has arisen. They have a right to be heard in their defense untrammeled by any previous proceeding, except the matters of record which show the delinquency of the marshal. He being the principal and a party to such proceeding, it is binding on his sureties.

The act of 1806 (2 Stat. 372), in relation to marshal's bonds, provides that suit may be brought thereon, and that the judgment shall remain as a security for others who may be injured by the acts of the marshal. From these and other provisions in the act, it is argued that on a marshal's bond suit may be brought without reference to the citizenship of the parties as on a patent right or in admiralty. The jurisdiction is expressly given in both these cases under express provisions, whilst in regard to marshal's bonds there is no such provision.

It may be assumed that in all cases where the courts of the United States have original jurisdiction, whether from the character of the claim or the citizenship of the parties, there may be a procedure against the marshal and his sureties, so far as such procedure may be incident to the original suit. And as this view brings the marshal's bond generally within the jurisdiction of the court, the cases where such jurisdiction may not be exercised form an exception to the general rule, and for which no special provision is made.

I am inclined to believe that all cases may be brought under the provision of the 3d section of the act of 1806, which provides that the bond, after judgment, shall remain as a security for others who shall be injured by breach of its condition, until the whole penalty shall have been recovered. Beyond this the sureties are not responsible, but the marshal is bound on common law principles.

A judgment having been rendered for the amount of the penalty, it stands as a security to all who may be injured by the default of the marshal. Complaints may be made subsequent to the judgment in proper form, and the amounts being ascertained on issues made to the court or jury, executions may be ordered until the penalty shall be exhausted. In this form every case may be legally embraced, with little expense, and speedily.

---

## Case No. 17,469.

WETMORE et al. v. ST. PAUL & P. R. CO.

[See 3 Fed. 177.]

---

WETMORE, The A. R. See Case No. 569.

---

## Case No. 17,470.

WETTER et al. v. SCHELL.

[11 Blatchf. 193.] [1]

Circuit Court, S. D. New York. June 13, 1873.

CUSTOMS DUTIES — PROTEST AS TO FUTURE IMPORTATIONS.

A valid prospective protest against the payment of duties, made on a particular importation of merchandise, and expressing the intention of the importer that the protest shall apply to

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]